**Darryl Bernard WATTS, Petitioner—Appellant,**

v.

**D.L. RUNNELS, Warden, Respondent—Appellee.**

No. 02–55172.

D.C. No. CV–01–01973–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2003.

Decided April 27, 2004.

Wayne R. Young, Santa Monica, CA, for Petitioner–Appellant.

Darryl Bernard Watts, Susanville, CA, pro se.

Herbert S. Tetef, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before ALDISERT,\* TALLMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM\*\*

**1.** The California Court of Appeal's disposition of Appellant Darryl B. Watts' *Bruton* issue on harmless error grounds was neither contrary to, nor an unreasonable application of, Supreme Court jurisprudence. *See Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Lilly v. Virginia,* 527 U.S. 116, 139–40, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (holding that *Bruton* issues are subject to harmless error analysis). The overwhelming evidence of Watts' guilt bolstered the state court's finding of no prejudice.

**2.** The California Court of Appeal's decision to dispose of Watt's juror misconduct claim on harmless error grounds was, again, neither contrary to, nor an unreasonable application of, Supreme Court jurisprudence.[1] *See Rushen v. Spain,* 464 U.S. 114, 115–19 & n. 3, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983) (affirming state court's determination that a juror's ex parte communication was harmless beyond a reason-

---

\* The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** Our recent decision in *Caliendo v. Warden of California Men's Colony,* 365 F.3d 691, 695–

98 (9th Cir.2004), does not compel a different result. In *Caliendo,* we recognized that Supreme Court jurisprudence requires courts to presume prejudice in cases involving unauthorized contact between a juror and a witness or an interested party. *See id.* (citing to *Mattox v. United States,* 146 U.S. 140, 142, 13 S.Ct. 50, 36 L.Ed. 917 (1892), and to *Remmer*

able doubt); *see also Mancuso v. Olivarez,* 292 F.3d 939, 949 (9th Cir.2002) (affirming a conviction despite the receipt of extrajudicial evidence by the jury). Thus, Watts is not entitled to relief on this ground.

3. Watt's allegation of juror misconduct did not entitle him to an evidentiary hearing. *See Tracey v. Palmateer,* 341 F.3d 1037, 1043–44 n. 4 (9th Cir.2003).

4. Contrary to Watts' belief, he is not entitled to relief on cumulative prejudice grounds. *See Davis v. Woodford,* 333 F.3d 982, 1007 (9th Cir.2003) (holding that the cumulative error doctrine does not apply where no showing of prejudice is made by the petitioner).

**AFFIRMED.**

*v. United States,* 347 U.S. 227, 228, 74 S.Ct. 450, 98 L.Ed. 654 (1954)).

Because the jury misconduct in this case involved the receipt of extrajudicial evidence (a newspaper article) rather than contact with interested parties, the presumption of prejudice did not arise. *See United States v. Dutkel,* 192 F.3d 893, 895 (9th Cir.1999) (distinguishing between acts of jury tampering and "more prosaic kinds of jury misconduct");

*see also Mancuso v. Olivarez,* 292 F.3d 939, 949 (9th Cir.2002) (finding no right to habeas relief, without applying the presumption, when a juror introduced extrinsic information into the deliberations).

